**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 05-4196**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARILYN SWINTON ASHWORTH,

Defendant - Appellant.

-----

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CA-04-295)

-----

Submitted:  August 9, 2006          Decided:  September 7, 2006

-----

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

K. E. Krispen Culbertson, CULBERTSON & ASSOCIATES, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marilyn Swinton Ashworth appeals her forty-one month prison sentence imposed pursuant to her guilty plea to bank fraud, in violation of 18 U.S.C. § 1344(2) (2000). Ashworth does not appeal her conviction. Finding no reversible error, we affirm.

Ashworth contends that the district court improperly sentenced her when it imposed a sentence greater than the maximum authorized by the facts she admitted in violation of United States v. Booker, 543 U.S. 220 (2005). Because she failed to raise this claim below, we review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

At sentencing, Ashworth had a base offense level of six, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(a) (2005). Ashworth admitted that the loss was more than $200,000 but less than $400,000, resulting in a twelve offense level increase under USSG § 2B1.1(b)(1)(G). The district court also added two offense levels under USSG § 3A1.1(B)(1) because Ashworth knew or should

have known that her victim was unusually vulnerable, yielding an adjusted offense level of twenty. With a criminal history category of I, Ashworth had a guideline range of thirty-three to forty-one months' imprisonment. The district court sentenced her to forty-one months' imprisonment. Without the enhancement for a vulnerable victim, the total offense level would be eighteen and the applicable guideline range would be twenty-seven to thirty-three months' imprisonment. Ashworth's forty-one month prison sentence thus exceeded the sentence that could have been imposed based only on the facts admitted.

Nevertheless, the evidence supporting the vulnerable victim enhancement was overwhelming and essentially uncontroverted. In United States v. Cotton, 535 U.S. 625 (2002), the Supreme Court held that when the evidence of a sentencing factor was overwhelming and essentially uncontroverted, there was no basis to conclude the error seriously affected the fairness, integrity, or public reputation of judicial proceedings on plain error review. Id. at 633; United States v. Smith, 441 F.3d 254, 272 (4th Cir. 2006) (applying Cotton after Booker). USSG § 3A1.1(b)(1) adds two offense levels "if the defendant knew or should have known that a victim of the offense was a vulnerable victim." The definition of "vulnerable victim" includes those who are "unusually vulnerable due to age, physical, or mental condition." USSG § 3A1.1(b)(1) n.2. Ashworth, a nurse assistant at a retirement community, stole

the personal information of Clara Morris, an 88-year-old resident. Ashworth took advantage of the vulnerabilities of Morris to steal $289,242.48 from Morris' bank account.[1] The evidence that Ashworth stole from a vulnerable victim was overwhelming and essentially uncontroverted and there is no basis to conclude the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. The district court thus did not commit reversible error under <u>Booker</u> when it sentenced Ashworth using the vulnerable victim enhancement.

The district court's treatment of the sentencing guidelines as mandatory also does not require resentencing. While the district court erred in treating the guidelines as mandatory,[2] <u>see</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005), we have held that in the plain error context, the error of sentencing under the mandatory guidelines regime does not warrant a presumption of prejudice. <u>United States v. White</u>, 405 F.3d 208, 224 (4th Cir. 2005). Ashworth cannot satisfy the prejudice requirement of the plain error standard. Nothing in the record suggests the error in applying the guidelines as mandatory affected

---

[1]Morris' credit union and their insurer were also victims in this case and neither was a vulnerable victim. However, USSG § 3A1.1(b)(1) does not require that all victims be vulnerable, just that "a victim" was vulnerable.

[2]This conclusion implies no criticism of the able district judge who conducted Ashworth's sentencing proceeding in full compliance with the law and procedure in effect at the time.

the court's ultimate determination of Ashworth's sentence or affected her substantial rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>